THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES )<br>)<br>     v.            )<br>)<br>ELMER GUERRA  )<br>)<br>  Defendant.   )<br>_____  ) | Criminal No. 05-217 (PLF) |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

**I. Introduction**

The Defendant, through his undersigned counsel, respectfully submits this memorandum to aid the Court in the sentencing of Mr. Guerra scheduled for December 13, 2005. Mr. Guerra requests the Court sentence him to not more than 24 months incarceration. Mr. Guerra has already served approximately eight months.

**II. Advisory Guideline Calculations[1]/Statutory Mandatory Minimum**

Mr. Guerra plead guilty to *Count Two*, Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine and Aiding and Abetting. As to Count Two, Mr. Guerra accepted responsibility for 1800 grams. The offense level for this narcotic amount is a level 26. A 3 level reduction for acceptance of responsibility is warranted resulting in an offense level of 23. Additionally, Mr. Guerra meets the criteria under the safety valve of U.S.S.G. 5C1.2 and 2D1.1(b)(7) therefore, qualifies for an additional reduction of 2 levels.[2] Mr. Guerra has no prior convictions he has a criminal history category I. The resulting guideline range for the First Count is 37-46 months.

---

[1] These findings are consistent with those included in the pre-sentence report.
[2] This also permits Mr. Guerra to seek a sentence below the mandatory minimum of 5 years that Count Two otherwise necessitates.

### III.    Downward Departure for Status as a Deportable Alien[3]

According to the pre-sentence report, Mr. Guerra is not a United States citizen and immigration has lodged a detainer against him. Therefore, it is inevitable that he will be deported back to Guatemala where he is from.

His status as a deportable alien will cause an increase in the severity of his confinement because he will almost certainly be ineligible for the benefits of 18 U.S.C. Section 3624, directs the Bureau of Prisons to assure that prisoners spend part of the last 10% of their sentences (but no more than six months) under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare fore his re-entry in the community." In *United States v. Smith*, 27 F.3d 649 (D.C. Cir. 1994), the United States Appellate Court for the District of Columbia found that a downward departure from the recommended range under the Sentencing Guidelines may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his departure. *See also, Lartey v. Department of Justice*, 790 F.Supp. 130 (W.D. La 1992). As Mr. Guerra is currently not a U.S. citizen and is deportable, he will not be afforded placement of less confinement during the last 10% of his sentence, and thereby will suffer an increase in the severity of his sentence solely based on his immigration status. A departure is warranted to equalize his situation.

Additionally, Mr. Guerra will most assuredly incur additional jail time while he awaits deportation. The American citizen after having completed the jail sentence will not be subject to additional incarceration for deportation proceedings and he or she will be able to resume his or her life as it had been before the incident. Mr. Guerra sought to

---

[3] Taking into account this departure, Mr. Guerra seeks a reduction of six months from the low end of the guidelines for a resulting 31 month sentence.

make a better life for himself in this country from the impoverished one he suffered in Guatemala. Now, he knows he will surely have to leave everything he developed behind including his wife and soon to be born child.

### III.     Additional Sentencing Factors Pursuant to 18 U.S.C. §3553

Mr. Guerra moves this court to sentence him to not greater than 24 months. A straight guideline sentence or mandatory minimum sentence would be overly punitive, unreasonable and is not warranted in this case. A straight guideline sentence does not accurately reflect Mr. Guerra's rehabilitation nor take into account the other factors of 18 U.S.C. 3553(a) which the Court must consider in imposing a reasonable sentence post-*Booker*.

A Court need not impose a sentence within the guideline range. *See United States v. Booker,* 125 S.Ct. 738 (2005). The United States Sentencing Guidelines are advisory only. *Booker,* 125 S.Ct. at 756. As the Supreme Court very recently held, the guidelines are only one factor which the Court must consider in determining a sentence along with other enumerated factors pursuant to 18 U.S.C. §3553(a) but it is no longer required pursuant to 18 U.S.C. §3553(b) that the court impose a sentence within the guideline range. *See Booker*, *Id*., which severs and excises 18 U.S.C. §3553(b)(1) which requires courts to impose a sentence within the applicable Guideline range (absent circumstances justifying a departure).

Post-*Booker,* the Sentencing Reform Act requires a court to "impose a sentence sufficient, but not greater than necessary," See 18 U.S.C. §3553(a). The Court must consider the nature and circumstances of the offense and the history and characteristics of

the defendant. See 18 U.S.C. §3553(a)(1). To not consider all the enumerated factors of 3553(a) at sentencing is tantamount to ignoring the *Booker* decision and makes the guidelines as binding as they were pre-*Booker*. This is a violation of both the Sixth Amendment of the Constitution and the interpretation of Section 3553 adopted by the remedial majority in *Booker*. As Justice Scalia explains in his *Booker* dissent,

> Thus, logic compels the conclusion that the sentencing judge, after considering the recited factors (including the guidelines), has full discretion, as full as what he possessed before the Act was passed, to sentence anywhere within the statutory range. If the majority thought otherwise-if it thought the Guidelines not only had to be 'considered' (as the amputated statute requires) but had generally to be followed-its opinion would surely say so.

*Booker,* 125 S.Ct. at 791 (Scalia, J., dissenting). If the remedial majority thought the guidelines had to be given "heavy weight," its opinion would have said so.

A sentence of not greater than 24 months will certainly reflect the seriousness of the offense committed by Mr. Guerra, serve as a deterrent effect for him once released to prevent him committing further crimes and protect the public from further crimes from the defendant. (See 18 U.S.C. §3553(a)(2), enumerated sentencing factors).

Mr. Guerra respects the seriousness of his prior actions and because of his prompt acceptance and other actions he took after his arrest in this case is eligible for the criteria pursuant to the safety valve provisions. By quickly admitting his guilt and coming clean early on he is promoting respect for the law

A sentence of not greater than 24 months will protect the public from further crimes from Mr. Guerra, and as such the sentence would act as a deterrent. This is Mr. Guerra's first conviction. Prior to this case, he had no run-ins with the law. This has been a very trying period for him and his family. His family has been threatened and

property was taken from them in Guatemala after his arrest in this case. He feels horrible for what his family had to endure from the aftermath of his involvement in this case. His lack of prior convictions clearly indicates that Mr. Guerra, who is 35 years old, is not criminally minded. He is not the type of individual who thrives on a life of crime. Rather he tried to maintain work and only in the last three months prior to his arrest was he unemployed. This case involves a one time deal rather than distributions or possession with intent to distribute over a long period of time further evincing his lack of significant criminal involvement.

A sentence imposed within the guideline range and statutory mandatory minimums in this case would be a sentence which does not take into account the additional factors that the court must consider pursuant to 18 U.S.C.§3553(a). Likewise, to find that the Guidelines have a presumption of reasonableness would be to circumvent *Booker*s substantive holding and would defy the directive that the court consider the factors in 28 U.S.C. §3553(a). In the wake of *Booker,* therefore, the discretion of a sentencing court is no longer bound by the range prescribed by the guidelines. *United States v. Coles*, 403 F.3d 764 (D.C. Cir. April 8, 2005); *United States v. Hughes*, 396 F.3d 374 (4th Cir. 2005); *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005); *United States v. Paladino*, No 03-2296, 2205 WL 435430 (7th Cir. Feb. 25, 2005); *United States v. Ladastida-Segura*, 396 F.3d 1140 (10th Cir. 2005); *United States v. Ranum*, 353 F.Supp.2d 984 (E.D. Wisc. 2005).

## V.  Conclusion

*WHEREFORE*, for the above stated reasons, any other reasons presented during the sentencing hearing, and any other reasons this Honorable Court deems relevant, Mr.

Guerra respectfully requests this Honorable Court sentence him to no longer than 24 months with credit for time served.

                                          Respectfully submitted,

                                          Elita C. Amato, Esq.
                                          1211 Conn. Ave., N.W.
                                          Suite 400
                                          Washington, D.C.  20036
                                          (202) 223-3210

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of December, 2005, the foregoing *MEMORANDUM* was filed electronically and hence served upon all parties in this case.

                                          Elita C. Amato